■ In the Matter of VINCENT LIGUORI, III, et al., Appellants, v RICHARD AMBRO et al., Respondents. [913 NYS2d 100]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Richard Ambro as a candidate of the Independence Party for the public office of County Court Judge, Suffolk County, in a general election to be held on November 2, 2010, the petitioners appeal from an order of the Supreme Court, Suffolk County (Kerrigan, J.), dated August 19, 2010, which, after a hearing, in effect, denied that branch of the petition which was to invalidate the designating petition on the ground that it violated Election Law § 6-134 (1).

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

The petitioners commenced this proceeding, inter alia, to invalidate a petition designating Richard Ambro as a candidate in a general election to be held on November 2, 2010, for the public office of County Court Judge, Suffolk County. The petition to invalidate alleged, among other things, that the designating petition violated Election Law § 6-134 (1).

Election Law § 6-134 (1) authorizes, with certain restrictions, the use of a combined petition to designate or nominate multiple candidates for one or more different public offices or party positions. Until it was amended in 2009, that section provided that "[a] designating petition may designate candidates for nomination for one or more public offices or for nomination for election to one or more party positions, or both, but designations or nominations for which the petitions are required to be filed in different offices, may not be combined in the same petition" (Election Law § 6-134 [former (1)], as added by L 1976, ch 233, § 1).

Prior to the 2009 amendment of Election Law § 6-134 (1), this Court had the opportunity to consider the validity of a combined independent nominating petition which purported to nominate a candidate for each of the offices of borough president for the five boroughs of the City of New York (see Matter of Popkin v Umane, 22 AD3d 613 [2005]). Each of the signature sheets of the combined independent nominating petition included the names and offices corresponding to each of the five candidates (id.). Applying Election Law § 6-134 (former [1]), this Court declined to invalidate the nominating petition on the ground that it "purported to nominate candidates from different political units" (id. at 613).

Subsequent to this Court's determination in *Matter of Popkin v Umane* (22 AD3d 613 [2005]), the Board of Elections in the City of New York proposed a revision of Election Law § 6-134 (former [1]) (*see* Recommended Revisions in the New York State Election Law 2009, prepared by the Office of General Counsel, Proposal No. 09-03, Bill Jacket, L 2009, ch 71, at 12-13). Alluding to administrative difficulties, the proposed revision specifically referenced this Court's determination in *Matter of Popkin v Umane* (22 AD3d 613 [2005]) as the reason why the proposed change was needed (*id.*).

The proposed language was adopted by the Legislature, and the statute was amended effective June 24, 2009 (*see* Election Law § 6-134 [1], as amended by L 2009, ch 71, § 1). As amended, the section now provides, in relevant part, that "[a] designating petition may designate candidates for nomination for one or more different public offices or for nomination for election to one or more party positions or both, but . . . *petitions for the same public office or party position in different political subdivisions may not be combined in the same petition*" (Election Law § 6-134 [1] [emphasis added]). Where, as here, the statutory language is ambiguous, we resolve such ambiguities in favor of legislative intent (*see* McKinney's Cons Laws of NY, Book 1, Statutes §§ 92, 94; *Davis v Davis*, 71 AD3d 13, 20 [2009]). After consideration of the legislative history of the 2009 amendment, it is clear that the Legislature intended only to remedy the particular administrative difficulties that arose in *Matter of Popkin v Umane* (22 AD3d 613 [2005]). This intent is illustrated by, among other things, a statement made by one of the sponsors of the amendment: "[w]ith the enactment of this legislat[ion] members of the Board of Elections no longer have to ascertain which signature goes with which vote or candidate" (Letter from Senate Introducer in Support, May 20, 2009, Bill Jacket, L 2009, ch 71, at 8).

The petitioners herein contend that the petition designating Ambro as a candidate for County Court Judge runs afoul of the new restrictions imposed by Election Law § 6-134 (1) because some of the sheets of that petition designated one individual as a candidate for State Senate in the 1st Senatorial District, while separate sheets of the petition designated a different individual for State Senate in the 3rd Senatorial District. However, since it is undisputed that none of the signature sheets designating Ambro as a candidate for the public office of County Court Judge (*see* 9 NYCRR 6215.4 [b]) purported to designate multiple candidates "for the same public office or party position in different political subdivisions" (Election Law § 6-134 [1]), the

particular administrative difficulties that arose in *Popkin* are not present here (*cf. Matter of Popkin v Umane*, 22 AD3d 613 [2005]). Accordingly, contrary to the petitioner's contention, the petition designating Ambro as a candidate for the public office of County Court Judge did not violate Election Law § 6-134 (1), and the Supreme Court properly, in effect, denied that branch of the petition which was to invalidate the designating petition on the ground that it violated Election Law § 6-134 (1). Dillon, J.P., Florio, Angiolillo and Roman, JJ., concur.