■ In the Matter of DANIEL P. LOSQUADRO, Appellant, v SUFFOLK COUNTY BOARD OF ELECTIONS et al., Respondents. [908 NYS2d 368]—

In a proceeding pursuant to Election Law § 16-102, inter alia, in effect, to invalidate a petition designating Marc S. Alessi as a candidate in a primary election that was held on September 14, 2010, for the nomination of the Independence Party as its candidate for the public office of Member of the Assembly, First Assembly District, and, if necessary, to prohibit the name of Marc S. Alessi from being placed on the ballot in a general election to be held on November 2, 2010, as the candidate of the Independence Party for that public office, the petitioner appeals from an order of the Supreme Court, Suffolk County (Kerrigan, J.), dated August 19, 2010, which, after a hearing, in effect, denied that branch of the petition which was to invalidate the designating petition on the ground that it violated Election Law § 6-134 (1).

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

The petitioner contends that the petition designating Marc S. Alessi as a candidate of the Independence Party for the public office of Member of the Assembly, First Assembly District, violated Election Law § 6-134 (1), since the sheets which designated him as a candidate for that public office were bound in a volume which contained separate sheets designating other candidates for the same office in different assembly districts. Contrary to the petitioner's contention, the petition designating Alessi as a candidate for the public office of Member of the Assembly, First Assembly District, did not violate Election Law § 6-134 (1), as it is undisputed that none of the signature sheets designating Alessi as a candidate for that public office (*see* 9

NYCRR 6215.4 [b]), purported to designate multiple candidates "for the same public office or party position in different political subdivisions" (Election Law § 6-134 [1]; *see Matter of Liguori v Ambro*, 77 AD3d 664 [2010] [decided herewith]; *cf. Matter of Popkin v Umane*, 22 AD3d 613 [2005]). Accordingly, the Supreme Court properly, in effect, denied that branch of the petition which was to invalidate the designating petition on the ground that it violated Election Law § 6-134 (1). Dillon, J.P., Florio, Angiolillo and Roman, JJ., concur.